Water pollution; oil spill; cleanup costs; burden of proof; third-party intervention; owner contribution to spill. — Plaintiffs seek to recover their costs incurred in the clean-up and removal of oil spilled into the navigable waters of the United States. Jurisdiction in this court is based on section 311(i)(1) of the Federal Water Pollution Control Act, 33 U.S.C. § 1321(i)(1)(1976)(the Act). Plaintiff, Anglo Fabrics Company, Inc., owns and operates a textiles manufacturing plant located in Webster, Massachusetts. Plaintiff, Industrial Risk Insurers, provides industrial insurance protection to Anglo Fabrics. The oil spill in issue occurred when unknown third persons (vandals) forcibly broke the hinges and padlock of a wood box securing the drain valve of an *605 aboveground heating oil storage tank located on plaintiffs’ property and wrenched the drain valve open, releasing 5,000 to 7,000 gallons of oil. The oil flowed into an adjacent basin-shaped parking lot (also on plaintiffs’ property) where it was contained by a temporary earthen berm (or dike) erected after discovery of the spill. However, the oil entered storm drains located in the parking lot (and within the temporary berm) and thereby reached the adjacent French River, a navigable waterway of the United States. Plaintiffs contracted for clean-up of the spill in the river and incurred costs of $44,968.82. On January 9, 1981 Trial Judge Robert J. Yock filed a recommended decision holding that plaintiffs are not entitled to recover. The trial judge concluded that the plaintiffs failed to prove the cause of the oil spill to be the sole responsibility of a thrid party, as required for recovery under the Act. Plaintiffs’ conduct was found not to exhibit that degree of reasonable care required by the statute and the prior case law. There was no berm or dike surrounding the tank area, no perimeter or tank area fencing, questionable lighting, insufficient facility security, inadequate protection of the oil tank drain valve, insufficiently protected drainage system, and general disinterest and lack of knowledge of the physical characteristics of plaintiffs’ own real estate. In addition, plaintiffs had actual knowledge of Massachusetts rules and regulations requiring dikes or berms and other protective devices on oil storage facilities and at least constructive knowledge of similar federal regulations. The trial judge concluded that plaintiffs’ acts and omissions were a major contributing cause to the oil spill and created a situation conducive to vandalism. On March 20,1981 the court, by order, adopted the recommended decision as the basis for its judgment in this case and dismissed the petition.